**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JUAN ARISPE,

    Petitioner,                          Civil Case No. 03-CV-10124-BC
                                           Criminal Case No. 00-CR-20013-BC-01

v.

                                           DISTRICT JUDGE DAVID M. LAWSON
                                           MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES OF AMERICA,

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Dkt. 133)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**.

**II.    REPORT**

    **A.  Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 135), is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. The motion was filed on May 20, 2003. (Dkt. 133.) Respondent was directed to file an answer to the motion, and after being granted an extension of time, filed an answer and brief in response opposing the motion. (Dkts. 139, 140.) After

a grant of extension of time, Petitioner filed a reply. (Dkts. 143, 144.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.  Procedural History**

On February 16, 2000, the Grand Jury returned an 11-count Indictment charging Petitioner and two others with conspiracy to distribute cocaine and crack cocaine. (Dkt. 1.) Petitioner was charged in Counts I, II, III, IV, V, VI and IX. (*Id.*) Plaintiff retained attorney Rodney O'Farrell to represent him. (Dkt. 8.)

On May 17, 2000, a First Superseding Indictment containing a total of 12 counts was filed. (Dkt. 25.) Petitioner was charged in the same counts as in the original indictment, but a forfeiture count (Count XII) was added. Counsel for petitioner joined in a motion filed by co-defendants to dismiss the First Superseding Indictment because of the composition of this district's jury pool. (Dkt. 30.) This motion was denied by United States District Judge Victoria Roberts on July 7, 2000. (Dkt. 39.) A Second Superseding Indictment was filed on August 16, 2000, (Dkt. 44), however, no new charges were filed against Petitioner. (Dkt. 53.)

The charges against Petitioner went to jury trial before United States District Judge David Lawson in February 2001. The trial lasted six days. During trial, counsel for Petitioner made an oral motion to dismiss one portion of Count I. Judge Lawson granted that motion in part. Petitioner was found guilty of the charges set forth in Counts I, IV, V, VI and IX of the Second Superseding Indictment. (Dkt. 82.) Petitioner was acquitted of the charges made in Counts II and III. (*Id.*) Six days after entry of the jury verdict, Judge Lawson

revoked Petitioner's bond and granted a motion to detain him while awaiting sentence. (Dkt. 89.) Petitioner was sentenced on September 10, 2001, to a 121-month term of imprisonment on Count I and concurrent terms of 60 months on Counts IV, V and VI, and a term of 100 months on Count IX, to be served concurrently with the other terms of imprisonment. (Dkt. 105.) Seven days later, counsel for Petitioner filed a notice of appeal. (Dkt. 106.) Thereafter, counsel requested leave to withdraw. The request was denied by Judge Lawson on October 2, 2001. (Dkt. 110.)

On July 25, 2002, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions. (Dkt. 130.) In the process, the court noted that Petitioner's counsel filed a motion to withdraw and supporting brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The court noted that "after review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following [eight] issues[.] . . ." (Dkt. 130 at 2.) Petitioner exercised his right to respond to counsel's *Anders* brief and filed a *pro se* response issuing additional allegations of ineffective assistance of trial counsel. In affirming the convictions, the court of appeals ultimately concluded:

> Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. We affirm the district court's judgment because none of the issues raised by counsel warrants relief and Arispe's pro se issue of ineffective assistance of counsel is more properly raised in a motion to vacate under 28 U.S.C. § 2255.

(*Id.*) The instant motion followed.

3

In a typewritten memorandum accompanying the instant motion, Petitioner makes five allegations of ineffective assistance, as follows: (1) during voir dire, trial counsel failed to make a *Batson* challenge to jurors; (2) trial counsel refused to allow Petitioner to testify at trial; (3) trial counsel failed to request a new trial when Petitioner brought to his attention the fact that two jury members were sleeping during trial testimony; (4) trial counsel failed to move for a directed verdict after the Government's closing statement during which the Assistant United States Attorney trying the case allegedly characterized the Government's case against Petitioner as "weak"; and (5) counsel on appeal, by filing an *Anders* brief, failed to offer the appellate court the opportunity to rule on the issue raised by the Government's characterization of its case during closing argument as "weak."

**C. Analysis and Conclusions**

**1. Governing Law of § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v.*

*Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are of ineffective assistance of counsel.

### 2. Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### 3. Ineffective Assistance of Counsel – *Batson* Challenge

In Petitioner's supporting memorandum, after correctly citing and summarizing the standards relating to ineffective assistance of counsel and purposeful discrimination in the exercise of preemptory petit jury challenges, (*see Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)), the gravamen of Plaintiff's intentions regarding the jury boils down to repeated allegations that "there could only be 12 white faces looking back at him [Petitioner] from the jury box, because there was no one from his race [Hispanic] in the jury pool." (Mem. in Supp. of Mot., Dkt. 133 at 6 & 7.)

It has long been understood that selecting a jury is "more an art than a science," and a reviewing court's evaluation of whether a trial attorney was ineffective necessarily recognizes this reality. *Romero v. Lynaugh*, 884 F.2d 871, 878-89 (5th Cir. 1989), *cert. denied*, 494 U.S. 1012, 110 S. Ct. 1311, 108 L. Ed. 2d 487 (1990).

On this issue, I suggest that the case cited by the Government and attached to its answer, *United States v. Badley*, No. 97-4128, 1999 WL 187450 (6th Cir. Mar. 8, 1999) (unpublished opinion) is analogous. In *Badley*, the defendant argued that he was denied his Sixth Amendment "right to have a trial of his peers" because the jury panel did not contain a single African-American juror. The court rejected that argument, stating:

6

> . . . The selection of a jury from a representative cross-section of the community is an "essential component of the Sixth Amendment right to a jury trial" and, pursuant to both the Constitution and the JSSA [Jury Selection & Service Act, 28 U.S.C. § 1861], venires must not systematically exclude distinctive groups in the community. *See Taylor v. Louisiana,* 419 U.S. 522, 528, 538 (1975); *United States v. Ovalle,* 136 F.3d 1092, 1101 (6th Cir. 1998). However, a defendant is not entitled to a jury that mirrors the demographics of the community. *See Taylor,* 419 U.S. at 538.
>
> To establish a prima facie case of a violation of the Sixth Amendment and the JSSA, a defendant must show that: 1) the group alleged to be excluded is a distinctive group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this under-representation is due to systematic exclusion of the group in the jury-selection process. *See Duren v. Missouri,* 439 U.S. 357, 364 (1979); *Ovalle,* 136 F.3d at 1099.
>
> Badley failed to provide any evidence that African-Americans jurors were removed from the jury wheel because of their race. *See Ovalle,* 136 F.3d at 1100. He stated only that the jury panel did not include African-Americans, which by itself, is not indicative of a violation of the Sixth Amendment or JSSA. He proffered no evidence as to the number of African-Americans initially on the jury wheel, rendering it impossible to compare this jury panel with the community from which it was drawn and to assess what, if any, under-representation occurred. Accordingly, Badley has failed to establish a prima facie case of a violation of the Sixth Amendment or the JSSA.

1999 WL 187450 at **2-3.

As in *Badley*, Petitioner here has provided absolutely no evidence that Hispanic jurors were removed from the jury wheel, stating only that the jury panel in his case included no Hispanics. Petitioner has come forward with no evidence as to the number of Hispanics on the court's jury wheel, and, thus, as in *Badley*, "it is impossible to compare this jury panel with the community from which it was drawn[.]" *Id*. at **3. In his reply to the Government's response, Petitioner concedes that he has no evidentiary support for his contention that the jury pool was racially imbalanced. (Reply, Dkt. 144 at 4.) I therefore

7

suggest that Petitioner has failed to establish a prima facie case of violation of his Sixth Amendment rights, the JSSA, or *Batson*. As a result, I fail to see how counsel's failure to raise a *Batson* challenge could constitute ineffective assistance of counsel.

Moreover, Petitioner's arguments appear to overlook the fact that, as noted above, his counsel joined in and brought forward a motion challenging the entire composition of this Court's jury selection system. (Notice of Intent to Join in Mot., Dkt. 30.) The fact that this motion was denied by District Judge Roberts cannot be said to be ineffective assistance of counsel. I therefore suggest that on this issue Petitioner's motion be denied.

### 4. Ineffective Assistance of Counsel – Petitioner's Failure to Testify

Petitioner next contends that his attorney precluded him from testifying at trial. Petitioner alleges that "despite his repeated requests to testify, his counsel prevented him from doing so by failing to discuss the strategic implications of testifying or not testifying and Arispe's right to make the final decision." (Dkt. 33 at 9.) Petitioner contends that had he been permitted to testify, he would have been able to offer testimony that the money found in his home was not derived from the sale of illegal drugs, and that it was instead money withdrawn from his credit union. Petitioner alleges that had he been allowed to testify, he would have been able to explain the apparent presence of cocaine residue found in a bottle over his kitchen sink and the existence of drugs found buried on his property. (*Id*. at 10.) Petitioner further states that had he been allowed to testify he would have been able to explain that he was a lifelong worker at General Motors, a retiree from that job, and that he was living on his retirement income, not on proceeds from the sale of drugs. (*Id.*)

"[A] criminal defendant has a fundamental constitutional right to testify on his own behalf." *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir. 1997) (quoting *Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987)). Unaccompanied by coercion, however, legal advice concerning exercise of the right to testify infringes no right. *United States v. Teague*, 953 F.2d 1525, 1534-35 (11th Cir.1992) (en banc). A "Defendant's attorney is presumed to follow the professional rules of conduct and is 'strongly presumed to have rendered adequate assistance' in carrying out the general duty 'to advocate the Defendant's cause and the more particular duties to consult with the Defendant on important decisions and to keep the Defendant informed of important developments in the course of prosecution.'" *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 688-90, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The Sixth Circuit has thus explicitly rejected the contention that a trial court has a duty *sua sponte* to require that a Defendant's waiver of his right to testify be made on the record. *Gonzales v. Elo,* 233 F.3d 348, 357 (6th Cir. 2000); *Webber,* 208 F.3d 545, 551 (6th Cir. 2000). Absent statements or actions from the defendant indicating disagreement with counsel, or the desire to testify, a trial court is in no way "required to *sua sponte* address a silent Defendant and inquire as to whether the Defendant knowingly and intentionally waived the right to testify, or ensure that the Defendant has waived the right on the record." *Id*. (citing *United States v Joelson,* 7 F.3d 174, 177 (9th Cir. 1993)).

Although Petitioner appears to assert that he was unaware of his right to testify, I suggest this assertion is entirely belied by the context of his supporting memorandum. (*See* Dkt. 133 at 8-11.) Petitioner's supporting memorandum makes it patently obvious that at all times he understood that he had the right to testify in his own defense. Petitioner does not

9

allege that his attorney intimidated him, threatened him, or otherwise interfered with his decision whether or not to testify. Nor does he allege that he made the Court aware of his desire to testify. Rather, Petitioner merely asserts that counsel "refused to allow him to testify." This assertion does not constitute a substantial showing that his defense counsel forbade him to testify. *See Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991). Under the caselaw of this Circuit, Petitioner's allegations are insufficient to show that counsel's performance was in any way deficient.

I further suggest that Petitioner has not shown that he was prejudiced by the alleged error. In order to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. Petitioner has not met the prejudice prong of *Strickland*. A reasonable juror could easily have discredited Petitioner's proposed testimony in light of the evidence against him, including the evidence of cocaine residue within his residence, the results of surveillance film, and the presence of drugs buried on his property. I suggest that the Government is correct that Petitioner overlooks the fact that by not testifying, he was not cross examined relating to such matters as the large amounts of cash in his residence, his repeated trips between his home and his driveway done surreptitiously, and in conjunction with the sale of drugs, and the presence of cocaine and residue throughout his residence and property. I further suggest that the Government is correct that because Petitioner did not testify, his counsel was able to suggest exculpatory explanations which then could not be discredited by cross-examination. (*See* Trial Tr., Vol. 7 at 31-33.) Further,

Petitioner entirely overlooks the fact that his trial counsel succeeded in obtaining acquittals as to some of the charges against him. I therefore suggest that the circumstances surrounding Petitioner's failure to testify at trial cannot be considered ineffective assistance of counsel.

**5.  Ineffective Assistance of Counsel – Inattentive Jurors**

Petitioner argues that he was provided ineffective assistance by virtue of the fact that his counsel failed to object or take action when Petitioner noticed that two jury members were sleeping during trial. Petitioner fails to specifically identify the jurors except to say that they were women, one of whom was wearing a red dress. The Government correctly points out that Petitioner fails to make any mention of what point in the trial this conduct took place, which witness or witnesses were testifying at the time, or how long the jurors were said to be sleeping.

I note at the outset that there is no consensus among the circuits regarding whether the issue of an inattentive juror must be raised on direct appeal or in a collateral motion under 28 U.S.C. § 2255. In an unpublished decision, the Court of Appeals for the Third Circuit addressed an inattentive juror claim, albeit summarily. *United States v. O'Hara*, 54 Fed. Appx. 88, 90 (3d Cir. 2002) (holding that appellant's claim that a juror should have been excused for sleeping during the trial is unsupported by the record); *see also United States v. Hester,* 489 F.2d 48, 50 (8th Cir. 1973) (affirming District Court's dismissal of 28 U.S.C. § 2255 motion where petitioner alleged for the first time that he had not been afforded a fair trial because a juror allegedly slept through portions of the trial. A defendant, failing to apprise the trial court of this alleged misconduct, should not be allowed to inject "a defect into the trial, and later claim its benefit.") (quoting *United States v. Curry*, 471 F.2d 419,

11

421-422 (5th Cir. 1973)). *Compare United States v. Binion*, 55 Fed. Appx. 369, 371 (7th Cir. 2002).

Petitioner seeks an evidentiary hearing on this issue, (*see* Dkt. 144 at 5), but I suggest that he has entirely failed to meet the burden of specific allegation required to justify such a proceeding. The insufficiency of Petitioner's substantive claim is highlighted by one of the concluding remarks made regarding this issue in his reply: "We just don't know do we?" (*Id.*) Moreover, Petitioner fails to demonstrate that but for these unspecified incidents he would not have been found guilty of the crimes charged. In fact, I suggest that Petitioner's pleadings are devoid of even an assertion or conclusory allegation that he in fact suffered prejudice by his trial counsel's alleged deficient performance with regard to juror attentiveness. I therefore suggest that on this ground the petition be denied.

### 6. Ineffective Assistance of Counsel – Government's Closing Statement and *Anders* Brief

Petitioner next argues that his counsel was ineffective because he failed to move for a directed verdict after the Government completed its closing statement. (Dkt. 133 at 14-17.) Petitioner argues that a motion for directed verdict was justified because the Government, in its closing statement, characterized Petitioner's case as "weak." (*Id.*)

I have read and re-read the Government's closing (Trial Tr., Vol. 6 at 141-71 & Vol. 7 at 49-69) and can nowhere find the use of the word "weak" to describe Petitioner's case at trial. At one point, the Assistant United States Attorney did state, "Now the allegation that there's sloppy work on the part of the government. And I told you again in opening statement, this was not going to be a perfect case. Does that make it sloppy, does that make

12

it unbelievable? No." (Dkt. 126, Vol. 7 at 54-55.) At another point during her closing, the Assistant United States Attorney stated, "I'm not trying to make excuses for sloppy work, what I'm saying is mistakes were made and they were acknowledged." (Dkt. 126, Vol. 7 at 55.) I therefore first suggest that Petitioner's argument mischaracterizes the Government's closing statement.

Turning to the substance of Petitioner's argument, the choice of themes for closing argument is a strategic consideration that the reviewing court should accord substantial deference. *See Strickland*, 466 U.S. at 689. Although his attorney did not object to the statements quoted above during closing arguments, Petitioner has failed to rebut the presumption that the decision not to object was sound trial strategy. *See United States v. Driver*, 798 F.2d 248, 255 (7th Cir. 1986). In view of the previously described strong evidence against this Defendant, I further suggest that Petitioner has failed to sustain his burden that his attorney's action, even if considered deficient, rendered his trial or its outcome fundamentally unfair or that he would have been found not guilty, or that the charges against him would have been dismissed if his counsel had objected.

Petitioner also appears to argue that the filing of an *Anders* brief, which failed to raise this matter as an issue, was, by itself, ineffective assistance of counsel. I suggest that the Sixth Circuit effectively dealt with this issue when, in its order affirming Petitioner's conviction, the court stated:

> Arispe's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following issues: (1) whether the government improperly failed to provide

13

> police surveillance notes to defense counsel prior to trial; (2) whether the all-white composition of the grand jury was unconstitutional; (3) whether the trial court erred in denying his motion for severance; (4) whether the trial court erred in denying his motion for judgment of acquittal; (5) whether the jury instructions were proper; (6) whether the trial court erred in denying a reduction in offense level for acceptance of responsibility; (7) whether the sentence was lawfully imposed; and (8) whether the district court erred in denying counsel's motion to withdraw. Arispe was advised of his right to respond to his attorney's *Anders* brief and has filed a pro se response raising the additional issue of ineffective assistance of trial counsel.
>
> Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable.

(Dkt. 130 at 2.)

From my review of the record, I suggest that there is no reasoned basis upon which to second guess the Sixth Circuit's findings. In addition, I note again that Petitioner's claims entirely overlook the fact that counsel's vigorous defense was responsible for the dismissal of the conspiracy to distribute crack cocaine charge contained in Count I of the Indictment. Accordingly, I suggest that on these grounds the petition be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                s/ *Charles E Binder*
                                                                 CHARLES E. BINDER
Date: April 28, 2004                                United States Magistrate Judge

### **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, and served on the parties and/or counsel of record.

Dated: April 29, 2004                     By     s/JEAN L. BROUCEK
                                                            Jean L. Broucek, Case Manager to
                                                            Magistrate Judge Binder