UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      CASE NO. 00-CR-20013-BC

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                   MAGISTRATE JUDGE CHARLES BINDER

JUAN ARISPE,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON JUAN ARISPE'S MOTION FOR RETURN OF PROPERTY**
(Dkt. 140)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Juan Arispe's motion for return of property be **DENIED**.

**II.    REPORT**

    **A.  Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 146), is the above-entitled motion. The Government has filed a response opposing the motion, and Arispe has filed a reply. (Dkts. 150, 153.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Arispe filed this *pro se* motion seeking the return of: a 1992 Ford van; a residence located at 902 Wisner Street, Saginaw, Michigan; various amounts of money; papers; personal records; and personal property. (*See* Dkt. 140 at 2-3.) The primary support cited by Arispe is Rule 41(g) of the Federal Rules of Criminal Procedure.[1] Attached to the motion are four exhibits: an excerpt of a "Report of Investigation," apparently completed by an agent of the Drug Enforcement Administration (Dkt. 140 at Ex. A); an excerpt of what appears to be a transcript of testimony relating to the results of a search of Arispe's home (*id.* at Ex. B.); a Consent Order of Forfeiture issued by the Saginaw County, Michigan, Circuit Court on May 9, 2001 (*id.* at Ex. C); and a letter from an Assistant United States Attorney to Arispe's trial counsel dated June 18, 2001, relating to a proposed agreement (*id.* at Ex. D).

As noted, the Government has filed a response opposing the motion. The Government argues that this Court either lacks authority over the property at issue, or, in the alternative, lacks jurisdiction to grant the relief requested by Arispe. Attached to the Government's response is a copy of the Second Superseding Indictment filed against Arispe and others on August 15, 2000 (Dkt. 150, Attach. A), and a portion of the transcript of the Arispe trial, at the conclusion of which Arispe's trial counsel and the Assistant United States Attorney in charge of this case placed on the record their agreement relating to the settlement of a

---

[1]This rule, formerly codified at Rule 41(e), provides:

    **(g) Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

2

foreclosure count made against Arispe in the Second Superseding Indictment. (*Id.*, Attach. B.)

### B. Procedural History

Criminal charges were originally filed by the United States against Arispe over four years ago. On February 16, 2000, the Grand Jury returned an 11-count Indictment charging Arispe and two others with conspiracy to distribute cocaine and crack cocaine. (Dkt. 1.) Arispe was charged in Counts I, II, III, IV, V, VI and IX. (*Id.*) Arispe retained attorney Rodney O'Farrell to represent him. (Dkt. 8.)

On May 17, 2000, a First Superseding Indictment containing a total of 12 counts was filed. (Dkt. 25.) Arispe was charged in the same counts as in the original indictment, but a forfeiture count (Count XII) was added. This count sought the forfeiture of sums of money held in a credit union account and a bank account (both in Arispe's name), and funds seized from his home. (*Id.*) A Second Superseding Indictment was filed on August 16, 2000, (Dkt. 44), however no new charges were filed against Arispe. (Dkt. 53.)

The charges against Arispe went to jury trial before United States District Judge David Lawson in February 2001 and lasted six days. During trial, counsel for Arispe made an oral motion to dismiss one portion of Count I. Judge Lawson granted that motion in part. Arispe was found guilty of the charges set forth in Counts I, IV, V, VI and IX of the Second Superseding Indictment. (Dkt. 82.) Arispe was acquitted of the charges made in Counts II and III. (*Id.*) Six days after entry of the jury verdict, Judge Lawson revoked Arispe's bond and granted a motion to detain him awaiting sentence. (Dkt. 89.)

Arispe was sentenced on September 10, 2001, to a 121-month term of imprisonment on Count I and concurrent terms of 60 months on Counts IV, V and VI, and a term of 100 months on Count IX, to be served concurrently with the other terms of imprisonment. (Dkt. 105.) With regard to the forfeiture count, the judgment entered against Arispe specifically provides:

> Based on the agreement between the United States of America and the defendant, Count 12 of the Second Superseding Indictment is resolved as follows: of the U.S. currency seized from Amalgamated Credit Union and the U.S. currency seized from the defendant's residence at 902 Wisner Street, Saginaw, Michigan, $14,511.07 shall be forfeited to the United States of America for the use and benefit of the United States; and the balance shall be returned to Juan Arispe.

(*Id.*) Seven days later, counsel for Arispe filed a notice of appeal. (Dkt. 106.)

Thereafter, counsel requested leave to withdraw. The request was denied by Judge Lawson on October 2, 2001. (Dkt. 110.) On July 25, 2002, the United States Court of Appeals for the Sixth Circuit affirmed Arispe's convictions. (Dkt. 130.) Over one year later, the instant motion followed.

### C. Analysis and Conclusions

As to all the property listed in Arispe's motion, with the exception of the funds listed in Count XII of the Second Superseding Indictment, I suggest first that Arispe has made absolutely no showing that he in fact has, or ever had, title or an ownership interest in this property. I therefore suggest that Arispe has given this Court no basis upon which to exercise any authority over this property. Furthermore, I suggest that much, if not all, of this property is the subject of a final and binding consent order of forfeiture entered by the

4

Saginaw County Circuit Court on May 9, 2001, (Dkt. 140 at Ex. C) to which, under Article 4, § 1 of the United States Constitution, this Court must accord full faith and credit.

As to the property listed in Count XII of the Second Superseding Indictment, it is the subject of an agreement between Arispe and the Government made part of the Judgment and Commitment Order entered by this Court on September 10, 2001. (Dkt. 105.) This judgment has been appealed and affirmed, and the time for perfecting further appeal to the United States Supreme Court has passed. Accordingly, I suggest that this is a final judgment binding on all parties and is now *res judicata*. I therefore suggest that the denial of Arispe's motion is appropriate.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                  s/ *Charles E. Binder*
                                  CHARLES E. BINDER
Date: April 28, 2004                United States Magistrate Judge

### **CERTIFICATION**

    I hereby certify that this Report & Recommendation was electronically filed on this date, served on government counsel electronically, and served on defendant at the following address:  Juan Arispe, #11685-039, Beaumont USP, P. O. Box 26035, Beaumont, TX 77720

Dated:  April 29, 2004                By    s/JEAN L. BROUCEK
                                                                  Jean L. Broucek, Case Manager to
                                                                   Magistrate Judge Binder