UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUAN ARISPE,

                Petitioner,                Civil Case No. 03-10124-BC
                                                               Crim. Case No. 00-20013-BC-01
v.                                                              Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Respondent.
_____/

## OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE, DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, AND DENYING MOTION FOR RETURN OF PROPERTY

      Petitioner Juan Arispe was convicted in this Court of various drug offenses following a six-day jury trial in February 2001. He was sentenced to 121 months in custody and lesser concurrent sentences on other counts. As part of the judgment certain property was forfeited to the United States, and other property apparently was seized as part of the pre-indictment investigation. The petitioner's conviction and sentence were affirmed on direct appeal, in which appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the petitioner filed a *pro se* brief raising additional issues including claims of ineffective assistance of counsel. In affirming the conviction, the court of appeals noted that the ineffective assistance of counsel claims should be raised in a motion under 28 U.S.C. § 2255. The petitioner filed such a motion, together with a motion for return of property. Both were referred to Magistrate Judge Charles E. Binder, who filed a report and recommendation on each motion recommending denial. The petitioner filed timely objections and the matters are before the Court for *de novo* review.

I.

The facts and procedural history are set forth in the magistrate judge's report and need not be repeated here. Arispe contends that his counsel was constitutionally ineffective in five areas: he failed to inquire on the record whether the lack of Hispanics in the jury pool was due to a systematic or deliberate exclusion, advised the petitioner not to testify during his trial, did not take appropriate action when the petitioner noticed two jury members sleeping in court, failed to object to the closing argument of the attorney for the United States or move to dismiss when she acknowledged the government's case was weak, and filed an *Anders* brief when meritorious claims existed.

The magistrate judge carefully considered each of these arguments in light of the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984), and concluded that the petitioner failed to establish constitutionally defective performance or prejudice. In his objections, the petitioner merely repeats the arguments he made before the magistrate judge. The Court has conducted a *de novo* review of the petitioner's claims and finds that the magistrate judge correctly applied the governing law to the facts in the record.

Arispe contends that his trial counsel was "ineffective for failing to lay . . . to rest during, or at the conclusion, of the jury selection process," the question whether Hispanics were systematically or deliberately excluded from the jury pool. Objections at 7. The magistrate judge suggested that the petitioner submitted no evidence showing that the jury pool was racially imbalanced. The issue was raised in a pretrial motion before this court's predecessor. The Court agrees with the magistrate judge that there was no evidence of racial imbalance in the jury pool and counsel was not ineffective for failing to raise a motion that had no factual basis.

The petitioner next claims counsel never informed him of a right to testify, only that he could waive that right, and had he been allowed to testify he could have proven his innocence. The magistrate judge observed that Sixth Circuit law does not create an obligation on the trial court *sua*

*sponte* to advise a defendant of his right to testify at trial, "when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed," and "a defendant must 'alert the trial court' that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand." *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000). The petitioner failed to alert the Court of a desire to testify and has not pointed to any evidence rebutting the presumption that his counsel properly informed him of his rights. Moreover, the petitioner's objections betray his contentions. He represents that his counsel suggested that testifying would not be a good strategy: "Aspire was told by Mr. O'Farrell [counsel] that he – Mr. O'Farrell – could win the case, but not if he – Arispe - took the stand. The Petitioner reluctantly gave in." Objections at 8. The Court also agrees with the magistrate judge that the petitioner was not prejudiced by not testifying. The magistrate judge found that convincing evidence was presented to the jury, such as cocaine residue within his residence, results of a surveillance film, and the presence of drugs buried on his property, and that the petitioner avoided cross-examination concerning other evidence, including the large amounts of cash in his residence, surreptitious trips between his home and driveway, and the presence of drugs on his property.

Another ground asserted is that the petitioner's counsel allegedly did not object or take corrective action after the petitioner noticed two sleeping jurors. The petitioner alleges that the jurors were female and one wore a red dress. The magistrate judge suggested that the allegation of juror inattentiveness lacked sufficient specificity to require further consideration. The issue before the Court is not the reliability of the conviction rendered by the jury, but whether counsel was ineffective. It is not necessarily an unreasonable strategy for a defense attorney to decline to object to juror inattentiveness, especially when the jurors may have been inattentive to the government's case. The Court agrees with the magistrate judge's suggestion that the petitioner has not shown defective performance or prejudice.

The magistrate judge suggested that the petitioner failed to sustain his burden of showing that counsel was ineffective for not objecting to the government's closing argument. The plaintiff extrapolates a government admission that it lacked sufficient evidence to convict him from the United States attorney's comments, "Now the allegation that there's sloppy work on the part of the government. And I told you again in opening statement, this was not going to be a perfect case. Does that make it sloppy, does that make in unbelievable? No." and "I'm not trying to make excuses for sloppy work, what I'm saying is mistakes were made and they were acknowledged." Tr. Vol. 7 at 54-55. The plaintiff contends that the government then encouraged the jury to use common sense to determine guilt when direct or circumstantial evidence was not available to support a factual finding. However, as the record demonstrates, the government attorney did not concede she had a weak case or encourage jurors to improperly use their common sense. The petitioner has not met his burden of rebutting the presumption that the decision not to object was sound trial strategy or that the failure to object prejudiced him. The Court instructed the jury on how to properly consider the evidence and that the representations of counsel are not evidence. *See* Jury Instructions at 3, 5. Moreover, the Court agrees with the magistrate judge's suggestion that the government's case against the petitioner had the support of strong evidence for the reasons already described.

Finally, the petitioner claims that his counsel's *Anders* brief denied him an opportunity to obtain a ruling on the appellate claim that the government admitted it had a weak case. In his *Anders* brief, counsel for the petitioner discussed eight grounds for appeal that did not included allegations that the government admitted it had a weak case and made improper statements in closing argument. The petitioner's claims lack merit because he was given an opportunity to object to Counsel's brief, and he raised only the issue of ineffectiveness of counsel. Counsel's decision not to raise this issue did not amount to ineffective assistance because, as noted above, the record

-4-

did not support the claim that the government conceded it had a weak case. The failure to raise a meritless argument is not objectively unreasonable strategy.

The Court will adopt the magistrate judge's recommendation and deny the motion to vacate the sentence.

II.

The petitioner also moves for the return of certain property seized by the government on November 2, 1999 during the execution of a search warrant. His list of items seized follows:

1. One 1992 Ford Van.
2. One Residence, located at Wisner Street, Saginaw County, Michigan.
3. Money seized from Bank accounts at:
   A.  Great Lakes Bank, account No. 9993054431,
       in the amount of ..............................................................................$1,906.77
   B.  Amalgamated Credit Union, account No. 12221
       in the amount of ..............................................................................$1,928.12
       and account No. 151
       in the amount of...............................................................................$3,349.95
   C.  Catholic Federal Credit Union, account No. 2580
       in the amount of................................................................................$   308.86
       Total amount seized from Banks and Credit Unions ...........................$7,493.70
       See DEA - 6, dated 11/10/99, (attached as Exhibit "A")

4. Cash seized from home on November 2, 1999:
   A.  $10,800.00, taken from under Lazy Boy Chair.
   B.  $3,800.00 taken from under the stove.
       $14,600.00 Total. See trial transcripts vol. 2, pgs. 37-38, vol. 4 pgs. 110-111, vol. 5, pgs. 148-149, vol. 6, pgs. 73 (attached as Exhibit "B").

5. Records, papers and personal property.
   A. Several Diamond Certificates.
   B. One Address Book.
   C. One Marble colored Memo Book.
   D. One Memo Book.
   E. Check Book.
   F. Title to 1992 Ford Van
   G. General Motors Corporation Pension Plan
   H. Bank and Credit Union Statements
   I. Mortgage papers and property deeds.
   J. Income Tax Records
   K. Shoe box full of receipts for purchases
   L. Receipts and important papers taken from jewelry box

   M. Man's Wallet with papers
   N. Black and White Memo Book.
   O. Two Cell Phones
   P. Key ring with 10 or more Keys with belt clip.

Def.'s Mot. Return of Property at 2-3.

  The magistrate judge recommended that the petitioner's motion for return of property be denied because the petitioner consented to forfeiture of the money listed in the forfeiture count of the second superseding indictment, and the petitioner failed to demonstrate ownership of the other items listed in the motion, many of which were subject to a forfeiture order entered by the Saginaw County Circuit Court on May 9, 2001.

  In his objections, the petitioner concedes that he already has possession of his vehicle and residence, but he explains that his motion relates to return of the titles to these pieces of property. He insists that the transcripts he relied on are authentic, and he reasserts his claim that he is entitled to seized money in excess of $14,511.07 and that seizure of property demonstrates his interest in it.

  The government contends that the petitioner is foreclosed from seeking the return of the money because it is the subject of a judgment entered by agreement, which was affirmed on appeal.

  A motion for the return of property may be made by any person "aggrieved . . . by the deprivation of property." Fed. R. Crim. Pro. 41(g). In this circuit, a defendant may move for the return of property after conviction. *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977) ("The interests of judicial efficiency dictate that the problem should be resolved by the criminal trial court."). However, if the property is subject to a judgment of forfeiture, the judgment "cannot be challenged by a motion under Criminal Rule 41(g).

  Nonetheless, the petitioner could seek relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b). 3A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 673 (3d ed. 2004); *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). A decision to

-6-

grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). A district court may consider motions under Rule 60(b) after the filing of a notice of appeal, *Deja Vu of Nashville, Inc. v. Metropolitan Gov't of Nashville and Davidson County, Tennessee*, 274 F.3d 377, 403 (6th Cir. 2001), and even if an appellate determination has been made. 21A Federal Procedure, Lawyers Ed. § 51:195 (West 2005).

However, motions under subparagraphs (1) (mistake), (2) (newly discovered evidence), and (3) (fraud) of Rule 60(b) must be brought within one year of the judgment. Construing the petitioner's motion for return of the property subject to the forfeiture clause in the judgment of sentence, it would be untimely if the petitioner intends to rely on the grounds in Rule 60(b)(1)-(3). There is no basis to grant the motion under subparagraphs (4) (void judgment), (5) (satisfied judgment), or (6) (other reason justifying relief from judgment). The record shows that the parties signed the following letter agreeing to the language of the judgment concerning the forfeiture count:

> After Juan Arispe's trial we agreed to resolve count 12 of the second superseding indictment regarding forfeiture by returning $2,500 of the seized currency to Mr. Arispe and forfeiting the remainder to the United States. I believe the simplest way to accomplish this would be to include the following language in the judgment:
>
> Based on the agreement between the United States of America and the defendant, count 12 of the Second Superseding Indictment is resolved as follows: Of the $5,278.07 in U.S. currency seized from the defendant's accounts at Amalgamated Credit Union and $11,733 in U.S. currency seized from his residence at 902 Wisner Street, Saginaw, Michigan, $14,511.07 shall be forfeited to the United States of America for the use and benefit of the United States; and $2,500 shall be returned to Juan Arispe.

Def.'s Mot. Return of Property Ex. D, Letter Signed by Parties (June 18, 2001). The judgment corresponds to the agreement. The petitioner is not entitled to relief under Rule 60(b).

With respect to the other property, Rule 41(g) governs. "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.

1982) (quoting *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981)). The initial issue for consideration "is whether [the movant] can show a sufficient property interest in the [property] to demand their return." *Ibid.* The burden can be satisfied by a showing that the government seized the items from the movant's possession. *United States v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985). But even if the movant demonstrates a property interest, courts will not grant a motion for the return of property if the government no longer possesses the property. *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981) (denying motion for the federal government to return property where the government turned property over to a state pursuant to a valid lien).

The Sixth Circuit has held that Rule 41(e) clearly contemplates a hearing "on any issue of fact necessary to the decision of the motion." *United States v. Hess*, 982 F.2d 181, 186-87 (6th Cir. 1992). However, the government has asserted that it no longer has the petitioner's property and much of it has been surrendered to the State pursuant to a state court forfeiture order, and the petitioner has not disputed that assertion. Under these circumstances, the doctrine of laches also comes into play. *See Carter v. United States*, 160 F. Supp. 2d 805, 815-16 (E.D. Mich. 2001).

"Dismissal of a claim on the ground of laches requires that there be (1) an unreasonable and unexcused delay in bringing the claim, and (2) material prejudice as a result of the delay." *Carter*, 160 F. Supp. 2d at 815 (quoting *United States v. Hanserd*, No. 97-1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998)). In this case, the property was seized on November 2, 1999. The petitioner was convicted in February 2001, and the judgment was entered September 24, 2001. The Saginaw County, Michigan circuit court entered its forfeiture order on May 9, 2001. The petitioner did not file his motion for return of property until June 26, 2003. This delay can be considered unreasonable in light of the government's actions with respect to the property: it disposed of it or turned it over to the State over two years before the motion for return was filed. Although two years may not be

-8-

unreasonable in some circumstances, it becomes unreasonable when the petitioner is aware that other claims are made against it and still takes no action to seek its return.

Prejudice has been established as well. As the court explained in *Carter*,

> the Court must determine whether the Government was materially prejudiced as a result of Petitioner's delay. The Government has long disposed of this property prior to Petitioner requesting its return. . . . Therefore, this Court concludes that the Government was materially prejudiced as a result of Petitioner's delay. *See Vance*, 965 F. Supp. at 947. Therefore, this Court denies Petitioner's Motion for Return of Property.

*Carter*, 160 F. Supp. 2d at 815-16.

The Court believes that the petitioner's motion to return property must be denied because the government does not possess the non-monetary items, and it is barred by laches.

### III.

The Court agrees with the magistrate judge's disposition of the petitioner's motions.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations [dkt #s 154, 155] are **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 Motion" [dkt # 133] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for return of property [dkt # 140] is **DENIED**.

            s/David M. Lawson
            DAVID M. LAWSON
            United States District Judge

Dated: November 21, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS