UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUAN ARISPE,

        Petitioner,               Civil Case No. 03-10124-BC
                                            Crim. Case No. 00-20013-BC-01
v.                                                 Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This Court has denied Juan Arispe's motion to vacate, set aside, or correct sentence which was brought pursuant to 28 U.S.C. § 2255. He has now filed a notice of appeal requesting a certificate of appealability.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In his § 2255 motion, the petitioner raised several claims that his trial counsel was ineffective.

The petitioner first argued that his trial counsel was ineffective for failing to raise the issue that no member of the jury was Hispanic. The Court held that there was no evidence of racial imbalance in the jury pool. Contrary to the petitioner's assertion that his allegations must be taken as true, the petitioner has the burden of showing that he is in custody in violation of the constitution or laws of the United States.

Second, the petitioner claimed that his counsel was ineffective for refusing to allow him to testify at trial. The Court noted that the petitioner did not make his desire to testify known at trial. "[W]hen a tactical decision is made not to have the defendant testify, the defendant's assent is presumed," and "a defendant must 'alert the trial court' that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand." *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000).

Third, the petitioner asserted that counsel was ineffective for failing to bring to the court's attention the fact that two jurors appeared to be sleeping during the testimony. The Court explained that the allegation of juror attentiveness lacked specificity and that it may have been sound trial strategy for counsel to fail to object when two jurors were sleeping, particularly if they were sleeping during the government's presentation of its case.

Fourth, the petitioner argued that counsel was ineffective for failing to seek a directed verdict after the government admitted that its case was weak during closing arguments. After a thorough examination of the record, the Court found that the prosecutor did not admit that the case was weak, but acknowledged that it was not a "perfect case" and that "mistakes were made and they were

acknowledged." Counsel was not ineffective for failing to object to these statements, as it appears to have been sound trial strategy.

Finally, the petitioner asserted that counsel was ineffective for failing to file a comprehensive appeal brief, instead filing an *Anders* brief. The petitioner asserted that counsel thus failed to inform the appellate court that the government had admitted that its case was weak. The Court held that counsel was not obligated to raise this issue because the record does not support the claim that the government did not admit that its case was weak. Furthermore, the petitioner only raised the issue of ineffective assistance of counsel in his objection to the *Anders* brief.

The Court thus concludes that the petitioner has not made a substantial showing of the denial of a constitutional right concerning these claims and he has not satisfied the standard for issuance of a certificate of appealability.

II.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** with respect to the petitioner's claims.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 19, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 19, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS